# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN EDITH JOHANSEN,<br><br>                     Plaintiff,<br>vs.<br><br>SAN DIEGO POLICE DEPT., CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, and DOES 1 through 1000,<br><br>                    Defendants. | CASE NO. 07cv1601-LAB (LSP)<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING COMPLAINT** |

On August 13, 2007, Plaintiff filed her complaint along with a motion for leave to proceed *in forma pauperis* ("IFP"). Plaintiff names as Defendants the San Diego Police Department, the City of San Diego, the County of San Diego, and the State of California, and alleges various wrongs and injuries under color of state law dating back to January, 1993. She seeks both damages and injunctive relief.

**I.    Motion for Leave to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration of assets is sufficient to show she is unable to pay the fees or

post securities required to maintain this action. See Civ. Loc. R. 3.2. Accordingly, Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

## II.     Legal Standards and Screening Requirements

Federal courts are courts of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). They are constitutionally required to raise issues relating to federal subject matter jurisdiction, *sua sponte* if necessary. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94-95 (1998).

In addition, notwithstanding Plaintiff's poverty, any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates the court make and rule on its own motion to dismiss before directing the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d. at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[T]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska.*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend, however, unless it determines "the pleading could not possibly be cured by the allegation of other facts," or if it appears "at all

possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130–31 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 701 (9th Cir. 1990)).

**III.   Screening**

Plaintiff identifies her claims as arising under 42 U.S.C. § 1983.  She identifies her theories of recovery as arising from the San Diego Police Department's brutality towards her, malicious prosecution, false arrest, false imprisonment, and cruel and unusual punishment. The Court liberally construes Plaintiff's claims as arising either under § 1983 or under California state tort law.

    **A.   State Sovereign Immunity**

The State of California is the first named Defendant.  However, states are immune from action under § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 and 71 (1989), and has not waived its immunity for § 1983 claims.  *See Dittman v. California*, 191 F.3d 1020, 1025– 26 (9th Cir. 1999).  States or arms of states are also generally immune from suits for damages or equitable relief in federal courts under other theories of recovery unless they have waived immunity or their immunity has been abrogated.  *In re Pegasus Gold Corp*. 394 F.3d 1189, 1195 (9th Cir. 2005).  California has provided a limited waiver of its sovereign immunity through the California Tort Claims Act ("CTCA") for suits in state court, but has not waived its Eleventh Amendment Immunity to suits in federal court.  *Riggle v. California*, 577 F.2d 579, 585–86 (9th Cir. 1978).  The State of California is therefore immune from suit in this Court under any theory.

    **B.   County and Municipal Entities**

Cities and counties do not enjoy Eleventh Amendment immunity from suit in federal court. *Beentjles v. Placer County Air Pollution Control Dist*., 397 F.3d 775, 782 n.7 (9th Cir. 2005). Because there is no respondeat superior liability under § 1983, a plaintiff must show personal participation in the alleged rights deprivation. *Bell v. Clackamas County,* 341 F.3d 858, 867 n.3 (9th Cir. 2003).  A plaintiff may hold a municipality or county  liable under § 1983  if his injury was inflicted pursuant to the municipality's or county's policy, regulation,

custom, or usage. *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir.1994) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690–91, 694 (1978).

Plaintiff's allegations are lengthy and detail a large number of incidents, and the Court has done its best to construe them liberally. The Court is unable, however, to find any allegations pertaining to any policy, regulation, custom, or usage. Rather, Plaintiff's allegations relate to a number of incidents by various officials as well as others who were apparently not government officials or employees or otherwise acting under color of law. Plaintiff therefore has pleaded no § 1983 claim against the remaining named Defendants.

With regard to state-law claims, the CTCA provides a limited waiver of governmental immunity for actions for damages against local and state governmental entities. *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976). As a general rule, California law requires that all claims for money or damages against a local public entity must first be filed with the entity as a condition precedent to the maintenance of the action. *Dalton v. East Bay Utility Dist.*, 18 Cal.App.4th 1566, 1571 (Cal. App. 1 Dist. 1993). Where the damages are due to the death of, or injury to, a person, the claim must be filed within six months of the claim's accrual. *Ovando v. City of Los Angeles*, 92 F. Supp.2d 1011, 1021 (C.D.Cal. 2000).

Plaintiff has not alleged compliance with the CTCA's requirements, and in view of her allegations it appears unlikely she has complied with these requirements. Further, as noted below, all of the specific incidents Plaintiff alleges are either time-barred or do not give rise to a cause of action.

Therefore, Plaintiff states no claim against any of the named Defendants.

**C.     Other Possible Defendants**

Although Plaintiff did not name other Defendants, she has named 1000 Doe defendants in the caption of her complaint. She refers in her allegations to actions by a variety of government officials who she contends have wronged and harmed her. Plaintiff refers to most of these officials by name, so it is unclear why, if she wished to sue them, she did not name them. Nevertheless, the Court will consider the possibility that Plaintiff wishes to sue these officials.

Most of Plaintiff's allegations are in the form of a chronological narrative attached as an addendum to the complaint, so the approximate date of each event is clear. She mentions two further incidents in the body of her complaint, and makes clear these occurred in 1995. As noted, the earliest of Plaintiff's allegations date back 1993. An obvious statute of limitations defense therefore presents itself. An action may be dismissed under § 1915 where a complete defense is obvious from the face of the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In § 1983 actions, the Court applies the equivalent state statute of limitations. *Wallace v. Kato*, 127 S.Ct. 1091, 1094 (2007). Plaintiff's claims sound in tort, and arise from various alleged personal injuries to herself. With regard to the false imprisonment claims, Cal. Code Civ. P. § 340(c) sets a limitations period of one year. With regard to claims for assault, battery, or injury caused by the wrongful act or neglect of another, Cal. Code Civ. P. § 335.1 sets a limitations period of two years. Cal. Code Civ. P. § 338(b) and (c) set a limitations period of three years for trespass upon or injury to real property, or theft. Cal. Code Civ. P. § 343 sets a limitations period of four years for all other types of actions. No other limitations periods appear to be applicable to any of Plaintiff's claims. Under these provisions, the limitations period begins when the cause of action accrues. Plaintiff has pleaded no facts suggesting that tolling or laches should apply.

Four of Plaintiff's allegations arguably fall within the limitations period; the remainder are alleged to have occurred in 2002 or earlier. The first two are an incidents in which Plaintiff alleges she was the victim of theft and police refused to help her. Even assuming these two incidents occurred within the limitations period, as a matter of law, Plaintiff has not stated a claim under § 1983, because failure of police to protect individuals from crime is not a Constitutional violation. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196–97 (1989). California law is similar: "[A]bsent a special relationship or a statute creating a special duty, the police may not be held liable for their failure to provide protection." *Alejo v. City of Alhambra*, 75 Cal.App.4th 1180, 1185 (Cal. App. 2 Dist. 1999) (citation omitted).

The third of the four incidents allegedly occurred on August 16, 2005. Plaintiff says she complained to a police sergeant that the thefts of her belongings were not being investigated. In response, she said, the police did not investigate the thefts, but instead sent the Psychiatric Evaluation Response Team to her door with seven officers to have her arrested. She says she looked out her window, saw them, and called 911 to see why they were there. The police dispatcher, she says, had no record and knew nothing about it. She says the officers "had not gone through channels" to arrest her and, after she called 911, simply left. In sum, Plaintiff says police appeared at her door with the intention of arresting her, she became alarmed, she called 911, and the police, instead of entering her house or arresting her, simply left. This does not amount to a violation of her Constitutional rights or a tort.

The fourth and final incident within the limitations period allegedly occurred on December 13, 2006. Plaintiff alleges that a particular police officer had told her if she had anything she believed would have the maintenance man's fingerprints on it in her apartment, the officer would arrange to have it fingerprinted. She says she gave the items to a different officer, who refused to fingerprint them. She says the second officer did not believe the break-in really occurred, and asked for more definite proof of a break-in before she would investigate and before the maintenance man could be prosecuted. Unless another right is also violated, the failure of police to investigate a crime adequately does not give rise to a § 1983 claim. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Unless police have induced detrimental reliance on a promise to provide protection (which Plaintiff has not alleged), California law recognizes no cause of action for their failure to investigate. *Clemente v. State of California*, 40 Cal.3d 202, 212–13 (1985).

**IV.   Conclusion and Order**

Because it is clear Plaintiff cannot state a claim against the State of California, these claims are **DISMISSED WITHOUT LEAVE TO AMEND.** Because all claims against the other Defendants or any other Defendants Plaintiff might name appear to be time-barred, all other claims are therefore also **DISMISSED**. Because it is not absolutely certain these

claims are time-barred and cannot be saved by amendment, however, Plaintiff will be given leave to amend. The complaint is therefore **DISMISSED**.

If Plaintiff wishes to amend her complaint, she may do so by filing an amended complaint specifically addressing the statute of limitations and CTCA issues discussed above, **no later than 30 calendar days from the date this order is entered**. **Should Plaintiff fail to amend within the time permitted, this action will be dismissed without further notice to her**.

**IT IS SO ORDERED**.

DATED: August 19, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge