# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN EDITH JOHANSEN,<br><br>                      Plaintiff,<br>  vs.<br><br>SAN DIEGO POLICE DEPT., CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, and DOES 1 through 1000,<br><br>                      Defendants. | CASE NO. 07cv1601-LAB (LSP)<br><br>**ORDER GRANTING EXTENSION OF TIME IN WHICH TO AMEND COMPLAINT** |

On August 13, 2007, Plaintiff, proceeding *pro se*, filed her complaint along with a motion for leave to proceed *in forma pauperis*. On August 20, 2007, the Court granted Plaintiff's request for leave to proceed *in forma pauperis*. After conducting the mandatory screening required under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the complaint and granted Plaintiff a period of thirty calendar days in which to file an amended complaint to correct the deficiencies identified in its order. On September 18, 2007, Plaintiff moved for an indefinite extension of time in which to file her amended complaint. The Court, however, granted her an extension until November 1, 2007. The Court's order, issued on October 1, 2007, cautioned Plaintiff that further extensions would not be granted without a showing of good cause, including evidence of diligence on Plaintiff's part.

/ / /

On October 31, 2007, Plaintiff moved for an additional extension of time in which to file her amended complaint. She says she is without counsel and has contacted "every known source of attorneys," and mentions several attorneys and organizations by name. She also says she is severely disabled, representing that she receives social security disability benefits. Plaintiff has not stated how long an extension of time she believes would be sufficient.

Because Plaintiff says she has exhausted every possibility of obtaining counsel, it is apparent if she is to prosecute her case, she must do so *pro se*. Plaintiff has not explained the nature of her disability, so it is not apparent whether or to what extent her disability might limit her ability to represent herself. She states the process of proving her eligibility to receive social security benefits took five years, so it is apparent her disability is neither short-term nor new. Plaintiff was able to file her complaint and submit a 7-page single-spaced summary of her claims, so it is apparent Plaintiff has some ability to prepare and file pleadings in spite of her disability.

As the Court explained in its order granting Plaintiff leave to proceed *in forma pauperis* but dismissing her complaint following mandatory screening, most of Plaintiff's claims appear to be time-barred. In the case of the apparently timely claims, the Court explained why they were being dismissed. Therefore, the task of amending the complaint — if in fact it can be amended to cure the identified defects — should not be particularly difficult or time-consuming. If Plaintiff can, consistently with Fed. R. Civ. P. 11's requirements, amend her complaint, doing so should not be particularly time-consuming. On the other hand, if Plaintiff's claims are in fact unsalvageable, even a very long extension of time would not help. Thus far, Plaintiff has been given over 70 days to amend her complaint. Furthermore, the latest incident Plaintiff complains of occurred on December 13, 2006. At the very least, she has had nearly 11 months to consider the nature of her complaint, and with regard to most of her claims, she has had many years.

Because it appears Plaintiff has been diligent in seeking counsel, the Court therefore **GRANTS** Plaintiff's request for an extension of time. Plaintiff may file her amended

complaint no later than the close of business on **Friday, November 30, 2007.** Plaintiff is cautioned that her amended complaint must be filed, not merely mailed, by this date. **No further extensions of time will be granted without a showing of extraordinarily good cause.** Plaintiff is specifically cautioned that, in view of her representations that she has spent the last month attempting in vain to locate counsel willing to represent her, further attempts to locate counsel will not by themselves constitute good cause. Plaintiff's unfamiliarity with legal principles, or the fact that she is representing herself will likewise not constitute good cause. If Plaintiff wishes to rely on medical or other limitations to show good cause, she should explain in a declaration under penalty of perjury the nature of her limitations and why they prevent her from amending her complaint.

Finally, in an effort to demonstrate she is receiving Social Security benefit payments, Plaintiff has attached a copy of her bank statement documenting the deposit of a Social Security check. This bank statement is not authenticated by declaration, and is therefore not properly before the Court; furthermore it reveals personal information, including Plaintiff's account number, that could be put to malicious use. This exhibit is therefore **STRICKEN**. The Clerk shall remove this exhibit from the docket.

**IT IS SO ORDERED**.

DATED: November 1, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge