# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN EDITH JOHANSEN,<br><br>                  Plaintiff,<br>vs.<br><br>SAN DIEGO POLICE DEPT., CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, and DOES 1 through 1000,<br><br>                  Defendants. | CASE NO. 07cv1601-LAB (LSP)<br><br>**ORDER OF DISMISSAL** |

On August 13, 2007, Plaintiff, proceeding *pro se*, filed her complaint in this action, along with a motion for leave to proceed *in forma pauperis*. On August 20, 2007, the Court granted the motion to proceed *in forma pauperis* and, pursuant to the screening requirement of 28 U.S.C. § 1915(e)(2)(B), dismissed the complaint. The Court dismissed certain claims with prejudice and the remaining claims without prejudice, granting her 30 days to amend her complaint to correct the defects noted in the claims dismissed without prejudice.

On September 18, 2007, shortly before the 30 days was to expire, Plaintiff moved *ex parte* for an indefinite extension of time in which to amend her complaint, contending she was disabled and therefore needed more time to amend her complaint and to find an attorney willing to represent her. Plaintiff also mentioned a complaint she had filed with the Ninth Circuit. On October 1, 2007, the Court in part granted her *ex parte* motion, giving her

leave to amend her complaint no later than November 1, 2007. In this order, the Court noted it found no reason to grant an indefinite continuance on the basis of the complaint, and instead was relying solely on her representations of disability to grant the extension. The Court admonished Plaintiff that further extensions of time would not be granted without a showing of good cause, including evidence of diligence on her part.

On October 31, 2007, Plaintiff again sought an extension of time in which to amend her complaint. She included evidence she had contacted a number of attorneys, and stated she had exhausted all known possibilities of obtaining counsel to represent her. This was the last pleading filed by Plaintiff.

On November 1, the Court issued an order noting that Plaintiff's representations regarding the impossibility of obtaining counsel meant it was apparent Plaintiff would have to proceed *pro se*. The Court also noted Plaintiff had never explained the nature of disability, so it was unclear to what extent her disability might limit her ability to represent herself. The Court noted, however, it was clear Plaintiff had been disabled for a number of years, and that her disability had not prevented her from filing her 7-page single-spaced complaint. The Court also noted most of Plaintiff's claims were apparently time-barred, some dating back to 1995, and the most recent occurring in December of 2006. Therefore, the Court concluded, Plaintiff had had a great deal of time to consider the nature of her claims. The Court directed Plaintiff, if she wished to rely on her disability as a basis for additional extensions, she should file a declaration stating the nature of her limitations and why they prevented her from representing herself. The Court also pointed out it had explained why Plaintiff's claims were being dismissed.

On the basis of Plaintiff's representation of diligence in seeking counsel, the Court granted Plaintiff an additional extension of time until November 30, 2007. The Court admonished her no further extensions would be granted without a showing of extraordinarily good cause.

On November 30, rather than filing her amended complaint or moving for an additional extension of time, Plaintiff contacted the Court telephonically, stating she was ill

1 with influenza, and therefore could not file her amended complaint by the deadline. Plaintiff
2 was informed an additional extension would only be granted if she requested it by motion,
3 and she was directed to file an application for an additional extension of time.

4 Plaintiff filed no request for an additional extension. On December 10, the Court
5 ordered Plaintiff, if she wished to seek an extension, to file an application no later than
6 December 16, 2007. The Court specifically cautioned Plaintiff that if she did not show good
7 cause why she should be given additional time to amend her complaint, it would be
8 dismissed without further notice to her. On December 12, 2007, the Court amended this
9 order to permit Plaintiff to file her application for extension of time no later than the close of
10 business on December 17, 2007.

11 Plaintiff has had more than sufficient notice of the facts she needs to amend her
12 complaint or seek an extension of time in which to amend. To date, however, she has
13 neither filed an amended complaint nor sought an additional extension of time as ordered.
14 This action is therefore **DISMISSED WITHOUT PREJUDICE**.

15 **IT IS SO ORDERED**.

16 DATED: December 18, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge