# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN EDITH JOHANSEN,<br><br>                        Plaintiff,<br>  vs.<br><br>SAN DIEGO POLICE DEPT., CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, and DOES 1 through 1000,<br><br>                        Defendants. | CASE NO. 07cv1601-LAB (LSP)<br><br>**ORDER SEALING MEDICAL RECORDS; AND**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On August 13, 2007, Plaintiff filed her complaint along with a motion to proceed *in forma pauperis*. On August 20, 2007, the Court issued an order giving Plaintiff leave to proceed *in forma pauperis*, screening her complaint pursuant to 42 U.S.C. § 1915(e)(2), dismissing her complaint, and granting her leave to file an amended complaint. Thereafter, Plaintiff filed several requests for an extension of time in which to amend her complaint. The Court granted two such extensions, but denied any further extensions absent a showing of extraordinarily good cause. The Court ordered Plaintiff to file no later than December 17, 2007 any application for extension of time she might wish to bring, cautioning her that if she failed to show why additional extensions should be granted, her complaint would be dismissed. When Plaintiff failed to file anything in response to the Court's orders, the Court

/ / /

on December 19, 2007 dismissed her complaint without prejudice. A Clerk's judgment was entered the same day.

On January 14, 2008, the Court received an application in chambers together with supporting documents Plaintiff wishes filed under seal. The application was captioned "*Ex Parte* Application for Extension of Time to File Amended Complaint and Obtain an Attorney" (the "Motion"). Because Plaintiff submitted her Motion more than ten days after judgment was entered against her, the Court construes this as a motion under Fed. R. Civ. P. 60 for relief from judgment, and directs the Clerk to file the Motion as such, *nunc pro tunc* to January 14, 2008, the date it was received in chambers. Plaintiff also submitted for filing a pleading consisting only of the first page of this motion, which is being rejected by discrepancy order issued separately.

The Motion is supported by photocopies of medical records Plaintiff has submitted. They are unaccompanied by a declaration attesting to their authenticity; however, for purposes of ruling on this Motion, however, the Court will assume the authenticity of these documents. The Motion requests that these records be filed under seal, to protect Plaintiff's privacy. Although there is a presumptive right of public access to court records, the Court may deny such access in order to protect sensitive personal information, such as medical and psychiatric records. *In re Application to Enforce Administrative Subpoenas of S.E.C. v. Nicita,* 2007 WL 4365553, slip op. at *1 and n.2 (S.D.Cal. Dec. 11, 2007) (citations omitted). The attached documents are all Plaintiff's medical records from doctors' offices or medical institutions. Finding good cause for sealing these documents, the Court **GRANTS** Plaintiff's request to seal these documents pursuant to Civil Local Rule 79.2 and directs the Clerk to file them under seal.

The Motion itself avers Plaintiff suffers from a wide variety of disorders and ailments. The Court therefore construes the Motion as seeking relief from judgment on the grounds of excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). Plaintiff bears the burden of showing excusable neglect. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). The supporting

/ / /

documents, however, do not corroborate Plaintiff's contention that she is so ill or disabled as to excuse her neglect.

The only recent record is an emergency department discharge record from a local medical center dated December 2, 2007 and giving Plaintiff instructions regarding follow-up and caring for herself. The next most recent group of records date from 2004 and 2005, and still earlier records date from 1997 through 2002. The records as a whole show Plaintiff has suffered, and probably still suffers, a variety of medical problems. However, nothing in these records suggests she is disabled to the extent she cannot research, compose, or file pleadings. Furthermore, Plaintiff was able to compose and file a lengthy and detailed complaint on August 13, 2007 together with a motion to proceed *in forma pauperis*, as well as *ex parte* motions on September 18 and October 31, 2007. If she was incapacitated at some point before that, she apparently recovered sufficiently by that point.

The record dated December 2, 2007 shows Plaintiff was diagnosed with acute bronchitis and chronic lung disease. It instructed Plaintiff, if she did not experience improvement within a week, to return for follow-up. It shows Plaintiff was discharged with instructions on how to care for herself and was instructed to seek additional medical attention if symptoms failed to improve or worsened, or if certain serious symptoms appeared. The instructions and restrictions suggest no particular limitations on Plaintiff's activities that might in any way be relevant to preparing or filing a pleading. There is no indication Plaintiff's condition worsened. Nothing in this record suggests she was incapacitated, even at the time she was seen in the hospital. To the contrary, it strongly suggests that while she might suffer some other symptoms, she was able to function and care for herself without medical assistance.

The Court therefore finds no cause to grant Plaintiff's request for relief from judgment. The Motion is **DENIED**.

The complaint was previously dismissed without prejudice. Plaintiff is admonished if she chooses to file a new complaint raising the same or similar claims, she should review

/ / /

the Court's previous order of dismissal, paying special attention to statutes of limitations. She must not attempt to file an amended complaint using the same case number, however.

Plaintiff is directed to comply with ¶ 14 of the Court's standing order, which in part forbids placing unauthorized telephone calls to Judge Burns' chambers, except as provided by the Civil Local rules, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

It has come to the Court's attention that Plaintiff has placed several telephone calls to chambers urging the Court to rule in her favor and requesting legal advice. Chambers staff cannot provide Plaintiff with legal advice, such as explaining the advisability of actions she wishes to take, or interpreting orders or procedural rules. Plaintiff is advised that she is not authorized to communicate by telephone with Judge Burns or Judge Burns' staff regarding actions she wishes the Court to take, or any other disputed issue. **Plaintiff is warned for the final time that doing so is a violation of ¶ 14 of the Court's standing order, and that if she persists, she will be subject to sanctions.**

**IT IS SO ORDERED**.

DATED: January 16, 2008

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge